# BARNARD, CHAIRMAN OF THE COMMITTEE OF BAR EXAMINERS OF THE VIRGIN ISLANDS *v.* THORSTENN ET AL.

No. 87–1939.   Argued January 11, 1989—Decided March 6, 1989*

---

*Together with No. 87–2008, *Virgin Islands Bar Association* v. *Thorstenn et al.*, also on certiorari to the same court.

KENNEDY, J., delivered the opinion of the Court, in which BRENNAN, MARSHALL, BLACKMUN, STEVENS, and SCALIA, JJ., joined. REHNQUIST, C. J., filed a dissenting opinion, in which WHITE and O'CONNOR, JJ., joined, *post*, p. 559.

*Maria Tankenson Hodge* argued the cause for petitioners in both cases. With her on the briefs were *Vincent A. Colianni* and *Geoffrey W. Barnard, pro se.*

*Cornish F. Hitchcock* argued the cause for respondents. With him on the brief were *Alan B. Morrison* and *William L. Blum.*†

---

†*Godfrey R. de Castro*, Attorney General of the Virgin Islands, *Rosalie Simmonds Ballentine*, Solicitor General, and *Susan Frederick Rhodes*, Assistant Attorney General, filed a brief for the Government of the Virgin Islands as *amicus curiae* urging reversal.

*John Cary Sims* filed a brief for Paul Hoffman et al. as *amici curiae* urging affirmance in both cases.

JUSTICE KENNEDY delivered the opinion of the Court.

In order to be admitted to the Bar of the District Court of the Virgin Islands, an otherwise qualified attorney must demonstrate that he or she has resided in the Virgin Islands for at least one year and that, if admitted, the attorney intends to continue to reside and practice in the Virgin Islands. The question before us is whether these residency requirements are lawful.

I

Local Rule 56(b) of the District Court of the Virgin Islands provides that before an otherwise qualified attorney is admitted to the Virgin Islands Bar, he must "allege and prove to the satisfaction" of the Committee of Bar Examiners that he has "resided in the Virgin Islands for at least one year immediately preceding his proposed admission to the Virgin Islands Bar," V. I. Code Ann., Tit. 5, App. V., Rule 56(b)(4) (1982); and that, "[i]f admitted to practice, he intends to continue to reside in and to practice law in the Virgin Islands," Rule 56(b)(5). The rule applies not only to practice before the District Court, but also to practice before the local territorial courts.[1]

Respondents Susan Esposito Thorstenn and Lloyd DeVos are attorneys who are members in good standing of the Bars of the States of New York and New Jersey, and who practice law in New York City. Neither respondent resides in the Virgin Islands. In the spring of 1985, respondents applied to take the Virgin Islands bar examination, but their applications were rejected by the Committee of Bar Examiners be-

---

[1] This is true because "[t]he Virgin Islands Bar Association [is] an integrated bar association comprising all attorneys admitted to practice in the District Court of the Virgin Islands pursuant to the provisions of Rule 56 . . . ," Rule 51(a), and "[n]o attorney may practice law in the Virgin Islands who is not an active or government member of the Virgin Islands Bar Association . . . ," except pursuant to the provisions in the District Court's rules governing *pro hac vice* participation in litigation and limited participation by inactive members of the bar, Rule 51(b).

cause they did not satisfy the residency requirements of Local Rule 56(b). Respondents filed this suit in the District Court against petitioner Geoffrey W. Barnard, the Chairman of the Committee of Bar Examiners, seeking a declaration that the residency requirements of Rule 56(b) violate the Privileges and Immunities Clause of Article IV of the Constitution, as interpreted by our decision in *Supreme Court of New Hampshire* v. *Piper*, 470 U. S. 274 (1985). Respondents also sought to enjoin the enforcement of Rule 56(b) against them.

On June 21, 1985, while reserving a decision on the merits, the District Court ordered that respondents be allowed to take the bar examination. They took the examination and passed. Petitioner Virgin Islands Bar Association intervened, and all parties submitted motions for summary judgment with supporting affidavits. The District Court granted summary judgment for petitioners, concluding that the reasons offered for Rule 56(b)'s residency requirements, grounded in the unique conditions in the Virgin Islands, were substantial enough to justify the discrimination against nonresidents. App. to Pet. for Cert. 64a–67a.

While the District Court's decision was pending on appeal in the Third Circuit, we decided *Frazier* v. *Heebe*, 482 U. S. 641 (1987), where we invoked our supervisory power to invalidate certain residency requirements contained in the local rules of the United States District Court for the Eastern District of Louisiana. A divided panel of the Court of Appeals reversed the District Court's judgment for petitioners, concluding that the reasons given for Rule 56(b) were in essence the same as those we rejected in *Heebe*. See *Esposito* v. *Barnard*, No. 87–3034 (CA3, Sept. 30, 1987), vacated *sub nom. Thorstenn* v. *Barnard*, 833 F. 2d 29 (1987). The case was reheard en banc, and a majority of the full Court of Appeals agreed with the original panel decision that the residency requirements of Rule 56(b) were invalid under *Heebe*. See 842 F. 2d 1393 (1988). The en banc court emphasized

that alternative and less restrictive means, short of a residency requirement, were available to the District Court to assure that nonresident bar members would bear professional responsibilities comparable to those imposed on resident attorneys. *Id.*, at 1396. In view of its determination that *Heebe* controlled the case, the Court of Appeals did not address respondents' claim under the Privileges and Immunities Clause. 842 F. 2d, at 1397, n. 6.

We granted certiorari, 487 U. S. 1232 (1988), and now affirm.

## II

In *Frazier* v. *Heebe, supra*, we invoked supervisory power over district courts of the United States to invalidate discriminatory residency requirements for admission to the Bar of the United States District Court for the Eastern District of Louisiana. The Court of Appeals in the case now before us expressed "no doubt" that our supervisory power extends to the bar requirements of the District Court of the Virgin Islands. 842 F. 2d, at 1396.

Without attempting to define the limits of our supervisory power, we decline to apply it in this case. Both the nature of the District Court of the Virgin Islands and the reach of its residency requirements implicate interests beyond the federal system. As to the former, the District Court, which was given its current form and jurisdiction by Congress in the Revised Organic Act of 1954, 68 Stat. 506, see 48 U. S. C. §§ 1611–1616 (1982 ed. and Supp. IV); see generally §§ 1541–1645, is not a United States district court, but an institution with attributes of both a federal and a territorial court. Although it is vested with the jurisdiction of a United States district court, see 48 U. S. C. § 1612(a) (1982 ed., Supp. IV), the District Court also has original jurisdiction over certain matters of local law not vested in the local courts of the Virgin Islands, see § 1612(b), as well as concurrent jurisdiction with the local courts over certain criminal matters, see § 1612 (c). It also serves as an appellate court for decisions ren-

dered by the local courts. See 48 U. S. C. § 1613a (1982 ed., Supp. IV). In fact, Congress provides in the Revised Organic Act that, for certain purposes, the District Court "shall be considered a court established by local law." § 1612(b). The application of Rule 56(b) itself similarly extends beyond practice in the federal system. Unlike the rule in *Heebe*, which was confined to practice before the United States District Court, Rule 56(b) applies to admission to the Bar of the Virgin Islands, and so governs practice before the territorial courts. See n. 1, *supra.*

Because these territorial interests are intertwined with the operation of Rule 56, we decline to examine this case as an issue of supervisory power.

## III

Respondents also contend that Rule 56(b) violates the Privileges and Immunities Clause of Article IV of the Constitution, which Congress has made applicable to the Virgin Islands in the Revised Organic Act. See 48 U. S. C. § 1561. Petitioners concede that the District Court is an instrumentality of the Government of the Virgin Islands and is subject to the Privileges and Immunities Clause through the Revised Organic Act. Tr. of Oral Arg. 5–6.

Article IV, § 2, of the Constitution provides that the "Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." When a challenged restriction deprives nonresidents of a privilege or immunity protected by this Clause, it is invalid unless "(i) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective." *Supreme Court of New Hampshire* v. *Piper, supra,* at 284; see *Supreme Court of Virginia* v. *Friedman,* 487 U. S. 59, 65 (1988). In deciding whether the discrimination bears a substantial relation to the State's objectives, we con-

sider, among other things, whether less restrictive means of regulation are available. *Piper*, 470 U. S., at 284.

It is by now well settled that the practice of law is a privilege protected by Article IV, § 2, and that a nonresident who passes a state bar examination and otherwise qualifies for practice has an interest protected by the Clause. See *Friedman, supra*, at 65; *Piper, supra*, at 279–283. We need consider here only whether there are substantial reasons to support treating qualified nonresident attorneys differently, and whether the means chosen by the District Court, total exclusion from the Bar, bear a close or substantial relation to the Territory's legitimate objectives.

Petitioners offer five justifications for the residency requirements of Rule 56(b), which track the reasons recited by the District Court. First, petitioners contend that the geographical isolation of the Virgin Islands, together with irregular airline and telephone service with the mainland United States, will make it difficult for nonresidents to attend court proceedings held with little advance notice. Second, petitioners cite the District Court's finding that the delay caused by trying to accommodate the schedules of nonresident attorneys would increase the massive caseload under which that court suffers. Third, petitioners contend that delays in publication and lack of access to local statutes, regulations, and court opinions will prevent nonresident attorneys from maintaining an adequate level of competence in local law. Fourth, petitioners argue that the Virgin Islands Bar does not have the resources for adequate supervision of a nationwide bar membership. Finally, petitioners exert much energy arguing that the residency requirements of Rule 56(b) are necessary to apply Local Rule 16 in a strict and fair manner. That Rule requires all active members of the Bar to represent indigent criminal defendants on a regular basis. See V. I. Code Ann., Tit. 5, App. V, Rule 16 (1982). We find none of these justifications sufficient to meet the Virgin Island's burden of demonstrating that the discrimination

against nonresidents by Rule 56(b) is warranted by a substantial objective and bears a close or substantial relation to that objective.[2]

The answer to petitioners' first justification, based on the geographical isolation of the Virgin Islands and the unreliable airline and telephone service, is found in *Piper*. In that case, as here, the Bar argued that "[e]ven the most conscientious lawyer residing in a distant State may find himself unable to appear in court for an unscheduled hearing or proceeding." 470 U. S., at 286. We did not find this a sufficient justification for a residency requirement for two reasons. First, we found it likely that a high percentage of nonresidents who took the trouble to take the state bar examination and to pay the annual dues would reside in a place convenient to New Hampshire. *Id.*, at 286–287. Although that observation is not applicable here, we went on to hold in *Piper* that, for lawyers who reside a great distance from New Hampshire, the State could protect its interests by requiring the lawyer to retain a local attorney who will be available for unscheduled meetings and hearings. *Id.*, at 287. The same solution is available to the Virgin Islands. The exclusion of nonresidents from the bar is not substantially related to the District Court's interest in assuring that counsel will be available on short notice for unscheduled proceedings.

Petitioners' second proffered justification is similar to their first. The District Court found that because of its unusually large and increasing caseload, it could not countenance inter-

---

[2] The District Court decided this case on cross-motions for summary judgment after the parties had submitted affidavits that offered conflicting accounts of, *inter alia*, the ease of travel and communications between the Virgin Islands and the continental United States. See App. 32–46. The Court of Appeals concluded that, in light of the justifications we rejected in *Piper* and *Heebe*, these conflicting affidavits did not create an issue of material fact. See 842 F. 2d 1393, 1395, and n. 3 (CA3 1988). To the extent that any points of factual disagreement are material to our analysis here, we have assumed the facts included in petitioners' affidavits to be true.

ruptions caused by nonresident lawyers attempting to reach the Virgin Islands from the mainland, or conflicts with their appearances on the mainland. To the extent this justification reiterates the point we have addressed above, the same response applies. Any burden on the Virgin Islands court system to accommodate travel schedules of nonresidents can be relieved in substantial part by requiring nonresidents to associate with local counsel. The large caseload of the Virgin Islands District Court does not alter the analysis. Quite aside from the paradox in citing extreme caseload as the reason to exclude more attorneys, it is clear that a State, or a Territory to which the Privileges and Immunities Clause applies, may not solve the problem of congested court dockets by discriminating against nonresidents. Nor do we see the problem of conflicting court appearances as justifying the exclusion of nonresidents from the bar. The problem is not unique to the Virgin Islands. A court in New Jersey may be inconvenienced to some extent by a request to accommodate the conflicting court appearance of a nonresident attorney in New York. But that does not justify closing the New Jersey Bar to New York residents. Further, the District Court may make appropriate orders for prompt appearances and speedy trials.

Nor are we persuaded by petitioners' claim that the delay in publication of local law requires exclusion of nonresidents because they will be unable to maintain an adequate level of professional competence. As we said in *Piper*, we will not assume that "a nonresident lawyer—any more than a resident—would disserve his clients by failing to familiarize himself with the [local law]." *Id.*, at 285. We can assume that a lawyer who anticipates sufficient practice in the Virgin Islands to justify taking the bar examination and paying the annual dues, see *ibid.*, will inform himself of the laws of the Territory. And although petitioners allege that the most recent legal materials, such as District Court opinions and local statutes and regulations, are not available on a current basis,

this does not justify exclusion of nonresidents. If legal materials are not published on a current basis, we do not see how this is more of a problem for nonresidents than residents. All that petitioners allege on this point is that residents can review slip opinions by visiting the offices of the law clerks for the District Court judges. See Affidavit of Patricia D. Steele, App. 45. We do not think it either realistic or practical to assume that residents resort to this practice with regularity, or that nonresidents, faced with the occasional need to do so, cannot find some adequate means to review unpublished materials. We note, moreover, that the record discloses that after the initial affidavits were submitted by petitioners in this case, the Virgin Islands Bar Association Committee on Continuing Legal Education began a subscription service for all opinions of the District Court and the territorial courts, available to all members of the bar. See Affidavit of William L. Blum, App. 51. In short, we do not think the alleged difficulties in maintaining knowledge of local law can justify the drastic measure of excluding all nonresidents as a class.

Petitioners' fourth contention, that the Virgin Islands Bar Association does not have the resources and personnel for adequate supervision of the ethics of a nationwide bar membership, is not a justification for the discrimination imposed here. Increased bar membership brings increased revenue through dues. Each lawyer admitted to practice in the Virgin Islands pays an initial fee of $200 to take the bar examination, annual bar association dues of $100, and an annual license fee of $500. There is no reason to believe that the additional moneys received from nonresident members will not be adequate to pay for any additional administrative burden. To the extent petitioners fear that the Bar will be unable to monitor the ethical conduct of nonresident practitioners, respondents note that petitioners can, and do, rely on character information compiled by the National Conference of Bar Examiners. In this regard, the monitoring problems

faced by the Virgin Islands Bar are no greater than those
faced by any mainland State with limited resources.

The final reason offered by petitioners for Rule 56(b)'s resi-
dency requirements is somewhat more substantial, though
ultimately unavailing. Under District Court Rule 16, each
active member of the Virgin Islands Bar must remain avail-
able to accept appointments to appear on behalf of indigent
criminal defendants. See V. I. Code Ann., Tit. 5, App. V,
Rule 16(A) (1982). According to the affidavit of the Presi-
dent of the Virgin Islands Bar Association, each member can
expect to receive appointments about four times per year.
App. 44. Once appointed, it is the duty of the lawyer "to
communicate with the defendant at his place of incarceration
as promptly as possible and not later than five days from the
date of the clerk's mailing of the order of appointment."
Rule 16(B)(f). Although the statute does not specifically so
provide, the District Court interprets Rule 16 to require that
only the appointed attorney may appear on behalf of the
criminal defendant. See App. to Pet. for Cert. 66a. The
District Court found that, in light of this individual appear-
ance requirement and the strict time constraints imposed by
the Speedy Trial Act, 18 U. S. C. §§ 3161–3174, it would be
virtually impossible for this system of appointed counsel to
work with nonresident attorneys. App. to Pet. for Cert.
65a–66a.

In *Piper*, we recognized that a State can require nonres-
idents to share in the burden of representing indigent crimi-
nal defendants as a condition for practice before the Bar.
470 U. S., at 287. That, however, is not quite what is at
issue here. The question in this case is whether bar admis-
sion can be denied to a nonresident because at times it may
not be feasible for him to appear *personally* to represent his
share of indigent defendants. We determine that this re-
quirement is too heavy a burden on the privileges of non-
residents and bears no substantial relation to the District
Court's objective. Petitioners offer no persuasive reason

why the strong interests in securing representation for indigent criminal defendants cannot be protected by allowing an appointed nonresident attorney to substitute a colleague in the event he is unable to attend a particular appearance. Further, contrary to the District Court's characterization of the personal appearance requirement as a hard and fast rule, we must assume that in some circumstances it would in fact be detrimental to the goal of competent representation for criminal defendants to require the appointed attorney, whether a resident or nonresident, to appear personally. For instance, where the bar member is an expert in trusts and estates, but has no prior experience in criminal procedure, it would seem counterproductive to the interests that Rule 16 is designed to serve to require the appointed attorney to make an individual appearance. The text of Rule 16 appears to recognize as much in its explicit provision that, where the interests of justice so require, the District Court may substitute one appointed counsel for another. See V. I. Code Ann., Tit. 5, App. V, Rule 16(B)(j) (1982).

Petitioners' only effort to explain why this seemingly more sensible and less intrusive alternative would not work is to predict that resident attorneys would not be willing to make the additional appearances required where nonresidents are unavailable. Such speculation, however, is insufficient to justify discrimination against nonresidents. As respondents point out, if handling indigent criminal cases is a requirement of admission to the Bar, a nonresident knows that he must either appear himself or arrange with a resident lawyer to handle the case when he is unavailable. If the nonresident fails to make all arrangements necessary to protect the rights of the defendant, the District Court may take appropriate action. This possibility does not, however, justify a blanket exclusion of nonresidents.

## IV

In sum, we hold that petitioners neither advance a substantial reason for the exclusion of nonresidents from the

Bar, nor demonstrate that discrimination against nonresidents bears a close or substantial relation to the legitimate objectives of the court's Rule. When the Privileges and Immunities Clause was made part of our Constitution, commercial and legal exchange between the distant States of the Union was at least as unsophisticated as that which exists today between the Virgin Islands and the mainland United States. Nevertheless, our Founders, in their wisdom, thought it important to our sense of nationhood that each State be required to make a genuine effort to treat nonresidents on an equal basis with residents. By extending the Privileges and Immunities Clause to the Virgin Islands, Congress has made the same decision with respect to that Territory.

The residency requirements of Rule 56(b) violate the Privileges and Immunities Clause of Article IV, §2, of the Constitution, as extended to the Virgin Islands by 48 U. S. C. §1561. Accordingly, the judgment of the Court of Appeals is affirmed.

*It is so ordered.*

CHIEF JUSTICE REHNQUIST, with whom JUSTICE WHITE and JUSTICE O'CONNOR join, dissenting.

In *Supreme Court of New Hampshire* v. *Piper*, 470 U. S. 274 (1985), the Court held that a rule of the New Hampshire Supreme Court which limited bar admission to state residents violated the Privileges and Immunities Clause of Art. IV, §2. Today the Court extends the reasoning of *Piper* to invalidate a Virgin Islands rule limiting bar admission to attorneys who demonstrate that they have resided in the Virgin Islands for at least one year and will, if admitted, continue to reside and practice there. I agree that the durational residency requirement is invalid under our prior cases dealing with the "right" of interstate travel. *E. g.*, *Shapiro* v. *Thompson*, 394 U. S. 618 (1969). But I cannot agree with the Court's conclusion that the simple residency requirement is invalid under the Privileges and Immunities Clause. Accept-

ing *Piper*'s view of the Privileges and Immunities Clause, I think the unique circumstances of legal practice in the Virgin Islands, as compared to the mainland States, could justify upholding this simple residency requirement even under that view. Because the record reveals the existence of genuine factual disputes about the nature of these circumstances and their relationship to the challenged residency requirement, I would reverse the judgment below and remand for trial on those issues.