IN the MATTER OF the BAR ADMISSION OF: Gary Mark SARETSKY.

Supreme Court

*No. 93–0528–BA. Submitted on briefs September 8, 1993.—Decided October 18, 1993.*

(Also reported in 506 N.W.2d 151.)

For Gary Mark Saretsky there were briefs by *Steven Levine,* Middleton.

For the Board of Bar Examiners the cause was submitted on the brief of *Burneatta L. Bridge,* assistant attorney general and *James E. Doyle,* attorney general.

PER CURIAM. *Review of Board of Bar Examiner's decision; decision affirmed.*

We review, pursuant to SCR 40.08(5), the determination of the Board of Bar Examiners (Board) declining to certify that Gary Mark Saretsky has satisfied the requirements for admission on motion to the practice of law in Wisconsin on the basis of his practice in Michigan. The Board concluded that Mr. Saretsky failed to satisfy the motion admission rule, SCR 40.05(1)(c),[1] requiring that he satisfy the motion admission requirements Michigan imposes on applicants seeking admission there on the basis of practice in Wisconsin, specifically, the Michigan requirement that the applicant "intend in good faith to maintain an office in this state for the practice of law." Further, the Board determined that Mr. Saretsky was not entitled to waiver of the Wisconsin rule requiring satisfaction of the Michigan requirements for motion admission, having

---

[1] SCR 40.05 provides:

**Legal competence requirement: Proof of practice elsewhere.** (1) An applicant shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has provided all of the following:

. . .

(c) If any state, territory or the District of Columbia practice in which is proposed to satisfy the requirement of sub. (b) has, as of the date of the filing of the application, requirements for bar admission in the jurisdiction on the basis of practice in Wisconsin other than those set forth in subs. (a) and (b), proof that the applicant has satisfied those requirements of that state, territory or the District of Columbia.

93

concluded that his was not an exceptional case and it would not be unjust to deny waiver of that rule.[2]

The facts relevant to this review are neither disputed nor in issue. Mr. Saretsky was admitted to practice law in Michigan in 1980 and has actively and continuously practiced law there. He sought admission to practice law in Wisconsin in order to represent clients in this state in the areas of law he practices in Michigan, although he intended to continue residing in and maintaining his law office in Michigan.

During the application process, the Board of Bar Examiners notified Mr. Saretsky that he would be required to submit an affidavit evidencing his intention to open an office for the practice of law in Wisconsin, consistent with the Michigan admission rule governing motion admission applicants there.[3] In response, noting that he has nationwide clients who have determined it in their best interests to have a single law firm coordinate their efforts on a regional basis, Mr. Saretsky wrote the Board:

> "In light of the work given to us by our securities brokerage clients to date, as well as work we reasonably expect to get, I intend to practice actively in Wisconsin and I intend in good faith to maintain an office in Wisconsin for the practice of law assuming enough Wisconsin legal work is generated from these and other clients."

---

[2] The waiver rule, SCR 40.10, provides, in pertinent part, ". . . [T]he board may waive any of the requirements of this chapter in exceptional cases and for good cause where to do otherwise would be unjust."

[3] Michigan Rule 5(A)(4) provides, in pertinent part, "An applicant for admission without examination must intend in good faith to maintain an office in this state for the practice of law."

Because of the contingency set forth in that letter—"assuming enough Wisconsin legal work is generated"—the Board determined that Mr. Saretsky had not expressed the in-state office intent required under the Michigan rule. Mr. Saretsky then requested a waiver of the Wisconsin reciprocity rule in respect to Michigan's in-state office requirement and the Board rejected that request "because the applicant's case is not an exceptional case, nor has he shown good cause or that to do otherwise would be unjust."

In this review, Mr. Saretsky argued that the in-state office requirement the Board sought to impose is unconstitutional. To the extent of his assertion that it is the Board that seeks to impose the in-state office requirement, Mr. Saretsky is in error. To the contrary, the Board has imposed the Wisconsin rule requiring applicants for bar admission on the basis of practice in another jurisdiction to establish satisfaction of that jurisdiction's bar admission requirements it imposes on applicants seeking admission there on the basis of practice in Wisconsin. Properly understood, Mr. Saretsky's argument is that the Michigan in-state office requirement is unconstitutional, whether imposed by Michigan on applicants seeking admission to practice there or applied by other jurisdictions under a reciprocity provision similar to Wisconsin's that requires an applicant's compliance with the Michigan requirements.

Mr. Saretsky did not contend that Wisconsin's reciprocity admission rule is unconstitutional. Rather, he asserted that the Board's application of that rule so as to require his compliance with the Michigan in-state office requirement is unconstitutional for the reason that the in-state office requirement itself is unconstitutional. However, as he acknowledged, the Michigan in-

state office requirement has not been held unconstitutional nor has a similar requirement of another jurisdiction. He could cite only *Frazier v. Heebe,* 482 U.S. 641 (1987) for his assertion that the Michigan rule would be held unconstitutional if the issue were presented in the appropriate forum. Yet, the U.S. Supreme Court in *Frazier* did not reach the constitutional issue but struck down as "unnecessary and irrational" the in-state office requirement of a federal district court in the exercise of its superintending power over that court. Mr. Saretsky's reliance on that case and others striking down as unconstitutional bar admission residency requirements and requirements of an intention to practice law in the admitting jurisdiction is misplaced.

Because it is premised on the alleged unconstitutionality of the Michigan rule, the argument that the Board's imposition of that requirement by virtue of enforcing the Wisconsin reciprocity rule is unconstitutional has no merit. Mr. Saretsky conceded that a Wisconsin court has no authority to find unconstitutional a law of another state but he asserted that he lacks standing to raise the constitutionality of the Michigan rule in a Michigan court. We express no opinion on the accuracy of that assertion.

On the issue of waiver of the reciprocity rule in respect to the Michigan in-state office requirement, Mr. Saretsky argued that the failure of the Board to set forth the process of reasoning it employed in reaching its decision to deny waiver constituted a failure to properly exercise its discretion to grant waiver. While he acknowledged that the court could remand the matter to the Board for what he considers the proper exercise of its discretion, Mr. Saretsky asked the court to resolve the issue, asserting that there are no factual

issues involved and the matter is not one within the special expertise of the Board. He then contended, employing the same criteria the Board used, that the application of the allegedly unconstitutional Michigan rule presents an "exceptional case," one in which the denial of waiver of the Wisconsin reciprocity rule would be "unjust."

We are satisfied that the Board properly exercised its discretion in determining not to grant a waiver of the reciprocity rule in this case. The Michigan rule Mr. Saretsky was required to satisfy by virtue of the application of the Wisconsin reciprocity rule has not been declared unconstitutional and the Board had no authority to determine its constitutionality. Accordingly, Mr. Saretsky presented neither an exceptional case nor established an unjust result from the denial of waiver of the reciprocity rule.

We determine that the Board was not acting unconstitutionally when it enforced the Wisconsin reciprocity rule in respect to Mr. Saretsky and did not erroneously exercise its discretion in denying his request for waiver of that rule in respect to the Michigan in-state office bar admission requirement on the ground of its alleged unconstitutionality. Accordingly, we affirm the decision of the Board that Mr. Saretsky failed to satisfy our motion admission rule in respect to the Michigan in-state office requirement.

IT IS ORDERED that the decision of the Board of Bar Examiners is affirmed.

SHIRLEY S. ABRAHAMSON *(concurring and dissenting)*. I agree with the Board of Bar Examiners' decision declining to determine the constitutionality of

SCR 40.05(1)(c).[1] The Board should not rule on the constitutionality of Supreme Court Rules it administers. Furthermore, the record supports the Board's decision declining to exercise its discretion to waive the requirements this court has set forth in SCR 40.05(1)(c).

According to the per curiam opinion, the issue in this case is the constitutionality of the Michigan rule requiring that applicants for admission to the Michigan bar without examination maintain an office in Michigan for the practice of law. Michigan Rule 5(A)(4).[2] The per curiam opinion then declines to determine the constitutionality of the Michigan rule.

I believe this analysis is seriously flawed. Attorney Saretsky is not contesting the constitutionality of any Michigan bar rule. He was admitted to practice law in Michigan in 1980; he has fulfilled all the requirements for admission and continues to practice in that state.

Rather, Attorney Saretsky is challenging the constitutionality of this court's rule, SCR 40.05(1)(c), which is impeding his admission to practice in Wiscon-

[1] **SCR 40.05 Legal competence requirement: Proof of practice elsewhere.** (1) An applicant shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has provided all of the following:

(c) If any state, territory or the District of Columbia practice in which is proposed to satisfy the requirement of sub. (b) has, as of the date of the filing of the application, requirements for bar admission in that jurisdiction on the basis of practice in Wisconsin other than those set forth in subs. (a) and (b), proof that the applicant has satisfied those requirements of that state, territory or the District of Columbia.

[2] Michigan Rule 5(A)(4) provides in pertinent part: "An applicant for admission without examination must intend in good faith to maintain an office in this state for the practice of law."

sin. SCR 40.05(1)(c) requires Michigan lawyers seeking admission to the Wisconsin bar without examination *to maintain an office in Wisconsin* for the practice of law.

The application of SCR 40.05(1)(c) produces strange results. A Michigan lawyer seeking admission to the Wisconsin bar without examination must state that he or she intends in good faith to maintain an office in the state of Wisconsin for the practice of law. An Indiana lawyer, however, may be admitted without making this declaration. Any lawyer presently admitted to the Wisconsin bar on diploma privilege or on examination or on motion need not retain an office in Wisconsin in order to continue membership in the Wisconsin bar.[3]

Attorney Saretsky asserts that the Wisconsin Supreme Court Rule has no rational connection with the applicant's fitness or capacity to practice law or with any other legitimate state objective and therefore violates due process. *Schware v. Board of Bar Examiners,* 353 U.S. 232, 239 (1957); *Barnard v. Thorstenn,* 489 U.S. 546, 553 (1989). Attorney Saretsky further contends that the Wisconsin Supreme Court Rule violates the equal protection, privileges and immunities, and commerce clauses of the federal Constitution. *Cf. Supreme Court v. Piper,* 470 U.S. 274, 285–87 (1985) (declaring unconstitutional state's residence requirement for bar admission); *Frazier v. Heebe,* 482 U.S. 641 (1987) (striking down under superintending power federal district court rules requiring residence or maintenance of a law office as unnecessary, arbitrarily

---

[3] About 30% of the more than 14,000 lawyers licensed to practice law in Wisconsin reside outside Wisconsin. Thomas Sleik, *President's Perspective,* Wis. Law., Dec. 1992 at 3. One assumes that most of these lawyers do not maintain offices in Wisconsin.

discriminatory against out-of-state lawyers, and irrational); *Barnard v. Thorstenn,* 489 U.S. 546 (1989) (declaring unconstitutional requirements of residence and declaration of intent to practice law).

SCR 40.05(1)(c) was adopted by this Court upon the petition of the State Bar filed July 1, 1986.[4] The Board of Bar Examiners questioned the constitutionality of the Bar's proposal.[5] Now Attorney Saretsky raises significant questions concerning its reasonableness and its constitutionality. Since the Bar filed its memorandum supporting the constitutionality of its petition, the United States Supreme Court has decided cases (cited above) relevant to the constitutionality of SCR 40.05(1)(c). Therefore I believe this court should examine the constitutional issues presented in this case. I would schedule this case for oral argument and request the State Bar of Wisconsin to brief the issue of the constitutionality of SCR 40.05(1)(c).

For the reasons set forth, I agree with the Board of Bar Examiner's decision declining to certify Attorney Saretsky for admission to the Wisconsin bar. I disagree, however, with the court's dismissal of Attorney Saretsky's petition without determining the merits of his challenge to the constitutionality of Wisconsin Supreme Court Rule 40.05(1)(c).

---

[4] See State Bar Petition filed by State Bar of Wisconsin, SCR ch. 40, Admission to the State Bar, in Office of the Clerk of the Supreme Court, Madison, WI.

[5] See memorandum of the Board of Attorneys Professional Competence (now known as the Board of Bar Examiners) filed December 9, 1986, in SCR ch. 40, Admission to the State Bar, in office of the Clerk of the Supreme Court, Madison, WI, pp.4-5.