IN the MATTER OF the BAR ADMISSION OF Charles Anthony WADSWORTH.

Supreme Court

*No. 94–2379–BA. Submitted on briefs December 1, 1994.—Decided February 24, 1995.*

(Also reported in 527 N.W.2d 311.)

For Charles Anthony Wadsworth there was a brief by *Lawrence J. Bugge, William M. Conley, Amy E. Dombrowski* and *Foley & Lardner*, Madison.

For the Board of Bar Examiners the cause was submitted on the brief of *Thomas L. Dosch*, assistant

attorney general, with whom on the brief was *James E. Doyle.*

PER CURIAM.  *Review of Board of Bar Examiners decision; decision affirmed.*

This is a review of the decision of the Board of Bar Examiners (Board) not to certify the eligibility of Charles Anthony Wadsworth for bar admission on the basis of his practice of law in Indiana. The Board determined that the rule rendering ineligible for admission on proof of practice elsewhere an applicant who proposes to satisfy the durational practice requirement by practice in a jurisdiction that does not grant bar admission to applicants on the basis of practice in Wisconsin applies to Mr. Wadsworth. We affirm the Board's decision.[1]

While Indiana admits to its bar without examination attorneys who have practiced in another jurisdiction five of the preceding seven years, that admission is expressly conditional on the attorney's actively engaging in the practice of law predominantly in Indiana and does not become permanent until the attorney has done so for five consecutive years. Thus, bar admission in Indiana is not granted on the basis of the applicant's prior practice in another jurisdiction.

---

[1] Mr. Wadsworth requested "expedited review" of the Board of Bar Examiners determination in order that his absence from the practice of law in a jurisdiction in which he is licensed, since his relocation to Wisconsin in 1993, not prevent him from qualifying for bar admission in any other jurisdiction on the basis of his prior practice. The matter was assigned in regular course to a submission calendar and, in order to afford the requested expedited review, the court issued an order on December 8, 1994 affirming the Board of Bar Examiners decision, with an opinion to be filed thereafter.

Mr. Wadsworth, who was admitted on examination to the bars of Michigan and Indiana in 1978 and had practiced law for 15 years, applied for foreign license admission in Wisconsin in September, 1993, soon after moving to Wisconsin to join the legal staff of one of a group of companies controlled by the corporation in whose legal department he had worked in Indiana since 1987. His Wisconsin application was based on his six years of practice in Indiana. Stating that his decision to move to Wisconsin was made in part on having concluded that he qualified for foreign license admission on the basis of his Indiana practice, Mr. Wadsworth told the Board that, consistent with the Indiana "foreign license admission" rule, he intended to be actively and predominantly engaged in the practice of law in Wisconsin and was willing to submit five annual verifications that he had done so in order that his Wisconsin admission would be considered permanent.

Two weeks after Mr. Wadsworth filed his application, the Board informed him that it was unclear whether the conditional bar admission available in Indiana to applicants who had actively engaged in the practice of law in another jurisdiction for at least five of the seven preceding years is equivalent to the bar admission granted applicants in Wisconsin on proof of practice elsewhere. The Board alerted him to the possibility that it might not certify his eligibility for admission and offered him the opportunity to withdraw his application or convert it into an application to write the Wisconsin bar examination. Mr. Wadsworth elected to proceed on his application for bar admission on prior practice.

The Board determined that Mr. Wadsworth is ineligible for admission in Wisconsin on the basis of his

practice in Indiana because Indiana does not grant an unconditional license to an applicant for admission without examination until the applicant has satisfied the requirement for a permanent license: five consecutive years of conditional licensure, renewed annually, actively engaged in the practice of law predominantly in Indiana, as established by the applicant's annual verifications. The rules on which the Board based its determination are:

**SCR 40.05**(1m)(a) An applicant who proposes to satisfy [the durational practice requirement] by practice in a jurisdiction that does not grant bar admission to attorneys licensed in Wisconsin on the basis of practice in Wisconsin shall not be eligible for admission on proof of practice elsewhere.

Indiana Rule 6. Admission on Foreign License.

(1) A person who has been admitted to practice law in the highest court of law in any other state or territory of the United States or the District of Columbia, may be conditionally admitted to practice law in Indiana upon a finding by the State Board of Law Examiners that said person has met each of the following conditions:

(a) The applicant has actively engaged in the practice of law for a period of at least five (5) of the seven (7) years immediately preceding the date of application. . ..

. . .

(3) Said conditional admission on a foreign license may continue in force for one year, and may be renewed for a like period upon the submission of such verified individualized information as will demonstrate to the satisfaction of the Board that the applicant has during the past year been both (a) actively engaged in the practice of law, and (2) *(sic)* predominantly in Indiana. Each application for

renewal of conditional admission shall be accompanied by a fee of $50.00. Upon the fifth consecutive renewal granted to the applicant, the admission to practice shall be permanent.

In this review, Mr. Wadsworth relied on what he contended was the plain meaning of SCR 40.05(1m)(a)[2] to support his position that because Indiana does admit to its bar without examination attorneys who have actively engaged in the practice of law in another jurisdiction for at least five of the preceding seven years, the ineligibility provision does not apply to him. He argued that the rule applicable to his request for admission is SCR 40.05(1)(c),[3] the provision that requires an appli-

[2] SCR 40.05 provides:

**Legal competence requirement: Proof of practice elsewhere.**
. . .
(1m)   Eligibility for admission under this rule shall be limited as follows:
(a)   An applicant who proposes to satisfy sub. (1)(b) by practice in a jurisdiction that does not grant bar admission to attorneys licensed in Wisconsin on the basis of practice in Wisconsin shall not be eligible for admission on proof of practice elsewhere.

[3] SCR 40.05 provides:

**Legal competence requirement: Proof of practice elsewhere.**
(1)   An applicant shall satisfy the legal competence requirement [for admission on proof of practice elsewhere] by presenting to the clerk certification of the board that the applicant has provided all of the following:
. . .
(c)   If any state, territory or the District of Columbia practice in which is proposed to satisfy the [durational practice requirement] has, as of the date of the filing of the application, requirements for bar admission in that jurisdiction on the basis of practice in Wisconsin other than those [applicable to applicants for Wisconsin admission], proof that the applicant has satisfied those requirements of that state, territory or the District of Columbia.

cant seeking admission on the basis of practice in another jurisdiction having foreign license admission requirements other than Wisconsin's to satisfy those "other" requirements. Because Wisconsin requires an applicant to have been primarily engaged in the active practice of law for three of the past five years, Mr. Wadsworth established that he met the five-of-seven-year requirement of Indiana Rule 6.

Mr. Wadsworth contended that the year-to-year conditional bar admission Indiana grants without examination to lawyers who have practiced for five of the preceding seven years in another jurisdiction is nothing more than a bar admission requirement "other than" the Wisconsin requirements. Accordingly, he asserted, as he has indicated his willingness to be bound by the Indiana conditional admission rule, *i.e.,* that he will verify to the satisfaction of the Board annually for the next five years that he has been actively engaged in the practice of law predominantly in Wisconsin during each preceding year, he has satisfied that "other" requirement. Mr. Wadsworth also argued that the ineligibility provision of SCR 40.05(1m)(a) is directed at jurisdictions that limit bar admission to those who qualify by bar examination and, because Indiana does not require examination of lawyers it admits on a conditional basis, the provision does not apply to him.

Mr. Wadsworth next argued that if his only means of admission to the Wisconsin bar is by examination, he is being subjected to requirements more stringent than those imposed on an applicant for admission in Indiana on the basis of practice in Wisconsin. Further, he asserted, the Board should be required to enforce the requirements Indiana imposes on foreign license applicants, as it did in the case of Michigan's requirement

that applicants at the time of admission intend in good faith to maintain a law office in that state. *In re Saretsky,* 179 Wis. 2d 92, 506 N.W.2d 151 (1993). Mr. Wadsworth took the position that the Board is obligated to permit him to satisfy the five-year verification of practice requirement imposed by Indiana, for the Board's refusal to do so would effectively prevent him from satisfying that requirement.

None of Mr. Wadsworth's arguments overcomes the application of the ineligibility provision of SCR 40.05(1m)(a) to him. The so-called "foreign license" admission offered by Indiana to attorneys who have practiced five of the preceding seven years in another jurisdiction is expressly conditional and an attorney would forfeit that conditional license if, for any reason, the attorney were unable to establish having practiced actively and predominantly in Indiana during any one of the five years following admission. The Board correctly determined that the Indiana "foreign license" admission is not based on an applicant's prior practice but on the applicant's continued practice in Indiana following conditional admission to its bar.

The Board also argued that bar admission under Indiana Rule 6 is not equivalent to the unrestricted, unconditional bar admission Wisconsin grants to applicants on the basis of prior practice in Indiana. The only means an applicant from Wisconsin has to obtain bar admission in Indiana equivalent to the bar admission an Indiana applicant would receive in Wisconsin is by actively practicing predominantly in Indiana for five consecutive years and establishing that fact to the satisfaction of the Indiana admissions authority.

Mr. Wadsworth unsuccessfully attempted to counter the Board's position by asserting that the Indiana Rule 6 license is unconditional in that it is not

limited in respect to the nature, size or scope of the lawyer's actual practice and that, because five years of a Wisconsin applicant's practice is a condition precedent to conditional admission in Indiana, that prior practice continues as a condition of permanent admission following five years' practice in Indiana.

We determine that because Indiana does not grant bar admission to an applicant on the basis of practice in Wisconsin, the Board correctly decided that, pursuant to SCR 40.05(1m)(a), Mr. Wadsworth is ineligible for admission to the Wisconsin bar on the basis of his prior practice in Indiana. The decision of the Board is affirmed.

SHIRLEY S. ABRAHAMSON, J. *(dissenting)*. I disagree with the majority for three reasons. First, as Mr. Wadsworth correctly points out, the plain language of SCR 40.05(1m)(a) supports his position. The rule does not require that Indiana bar admission of Wisconsin lawyers on the basis of Wisconsin practice be unconditional, permanent or vested.

Second, the objectives of the reciprocity rules support Mr. Wadsworth's position. The underlying rationale of the reciprocity rules is to treat out-of-state lawyers seeking admission to Wisconsin without bar examination in the same manner as their home jurisdictions treat Wisconsin lawyers seeking admission without examination. Such treatment is designed to stimulate lawyers in other jurisdictions to encourage their home states to admit Wisconsin lawyers without examination.

As a result of today's decision, Wisconsin now requires all Indiana lawyers (or all lawyers from states with similar provisions) to take an examination. If

Indiana is willing to admit Wisconsin lawyers only on the same basis that Wisconsin is willing to admit Indiana lawyers, our decision today rules out the possibility of Wisconsin lawyers being admitted in Indiana without examination. Thus the court has, contrary to the purpose of the reciprocal rules and the legislative history, made it more difficult for Wisconsin lawyers to gain admission to practice in another state.

Third, the opinion contravenes our decision in *In re Saretsky,* 179 Wis. 2d 92, 506 N.W.2d 151 (1993). In *Saretsky* the court upheld the Wisconsin Board of Bar Examiners' position that a Michigan lawyer must file a statement required of Wisconsin applicants to the Michigan bar, declaring the applicant's good faith intention to maintain an office in the admitting state for the practice of law. Although Indiana allows Wisconsin lawyers to gain admission by fulfilling a five-year conditional practice requirement, this court now refuses to extend the same opportunity to Indiana lawyers seeking admission in Wisconsin. I recognize that Indiana's rule may be more cumbersome to apply than Michigan's, but our rules do not distinguish among other jurisdictions on the basis of the burden of their requirements. *Saretsky* should control this case.

Because the court's interpretation violates the plain language of the rules, the purpose of the reciprocal rules, and our decision in *Saretsky,* I dissent.

I am authorized to state that Justice JANINE P. GESKE joins this dissent.