**Katharine LAI, Plaintiff–Appellant,**

v.

**NEW YORK CITY GOVERNMENT, Defendant–Appellee.**

**Docket No. 98–7273.**

United States Court of Appeals, Second Circuit.

Argued Dec. 14, 1998.

Decided Dec. 23, 1998.

governs federal offenses).

Katharine Lai, pro se, West Orange, NJ, for Plaintiff–Appellant.

Paul L. Herzfeld, Assistant Corporation Counsel, for Michael D. Hess, Corporation Counsel of the City of New York, New York, NY, for Defendant–Appellee.

Before: FEINBERG, CALABRESI, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Katharine Lai appeals from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge* ) granting summary judg-ment against her. Lai sued the City of New York, arguing that its policy for allocating handicap parking spaces in the City violates the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101–12213, and vari-ous constitutional guarantees. The district court rejected her ADA and constitutional claims (brought pursuant to 42 U.S.C. § 1983) and granted the City's motion for summary judgment on January 15, 1998. *See Lai v. New York City Government,* 991 F.Supp. 362 (S.D.N.Y.1998). We affirm.

The City of New York has a New York City Special Vehicle Identification Permit ("Special Vehicle Permit"), which it grants to applicants who have a severe handicap and are either New York City residents, nonresi-dent students attending school in New York City, or nonresident employees working in New York City. *See* New York City Charter § 2903(15)(a) (1997). Display of this special parking permit allows its holders to park at expired meters and in "no parking" zones in New York City.

In addition, the State of New York issues a New York State Disability Parking Permit ("State Disability Permit"), which gives its holders the right to park in designated off-street parking spaces in New York City but does not allow them to park in "no parking" zones. To be eligible for this permit, one need not live, work or attend school in New York City, nor must one suffer from a handi-cap severe enough to qualify for a Special Vehicle Permit. *See* N.Y. Vehicle and Traffic Law § 404–a (McKinney 1996) (describing requirements for Special Vehicle Permits and State Disability Permits). Holders of dis-ability permits issued by other states are granted the same parking privileges in New York State as those possessing State Disabil-ity Permits. They may, therefore, park in the designated handicap off-street spaces.

Appellant has a New Jersey State disabili-ty parking permit and, upon coming into the City for various errands, parked in a no-parking zone near City Hall. As a result, she received two summonses on December 16, 1996, for parking at an expired meter. If she had possessed a Special Vehicle Permit, her car would not have been ticketed. Her permit, however, did allow her to park near-

by at a City-run parking lot with designated handicap parking spaces.

Appellant brought suit, challenging the City's policy and arguing that it violates the ADA as well as the Privileges and Immunities Clause and the Equal Protection Clause of the Constitution.[1]

### DISCUSSION

We believe that the granting of summary judgment on behalf of the defendant City of New York was appropriate for substantially the reasons stated in the district court's opinion. *See Lai,* 991 F.Supp. 362. The City's policy discriminates on the basis of residency and not disability; it therefore does not violate the Americans with Disabilities Act. *See* 42 U.S.C. § 12132 (1997). Additionally, the City's policy survives the rationality test of the equal protection inquiry. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The limited number of on-street parking spaces justifies the regulatory scheme established by the City. It is not irrational to give the scarcest parking spaces to those who are severely handicapped and who live or conduct business in the City, while granting others, who are either less severely disabled or whose need for parking is less frequently pressing, access to parking that while still preferential, is not in as short supply.

We note, moreover, that it is not necessary in this case to say that special parking for the handicapped can *never* qualify as a fundamental privilege protected by the Privileges and Immunities Clause. It is enough to note that the City's decision to give special parking privileges to those with the most pressing needs—severely handicapped City residents and nonresidents who work or study in the City—is reasonable and that the two-tiered parking system substantially relates to the City's policy goals. *See Barnard v. Thorstenn,* 489 U.S. 546, 552, 109 S.Ct. 1294, 103 L.Ed.2d 559 (1989).

The judgment of the district court is affirmed.

---

1. The district judge also raised the question *sua sponte* of whether the policy violates the constitutional right to travel. On that issue, too, we agree substantially with the court's analysis.