Carlos E. **RAMOS**, et al., Plaintiffs,

v.

**PUERTO RICO MEDICAL EXAMINING BOARD,**
et al., Defendants.

Civil No. 07–1285 (GAG).

United States District Court,
D. Puerto Rico.

June 18, 2007.

**240**

Jorge Martinez–Luciano, Emil J. Rodri-guez–Escudero, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Plaintiffs.

Iris Alicia Martinez–Juarbe, Depart-ment of Justice, San Juan, PR, for Defendants.

### OPINION & ORDER

GELPI, District Judge.

Plaintiffs Carlos E. Ramos and José R. Torrent ("Applicants") predicate this action against defendant the Puerto Rico Medical Examining Board ("PRMEB") upon Article 14(1) of Public Law 22 of April 22, 1931, as amended ("Law 22"), P.R. Laws Ann. tit. 20, § 43(1), which requires a six (6) month residency period in order to obtain a license to practice medicine in Puerto Rico. Applicants seek a declaratory judgment to the effect that Law 22's residency requirement violates several provisions of the United States Constitution. The PRMEB filed a motion to dismiss (Docket No. 14) pursuant to Fed.R.Civ.P. 12(b)(1), arguing that dismissal is required because Applicants' claim is not ripe and, therefore, does not meet the constitutional case and controversy requirement. After reviewing the relevant facts and applicable law, the court denies the motion to dismiss, and further holds that Article 14(1) violates the Privileges and Immunities Clause. Therefore, the residency requirement cannot be enforced by the PRMEB.

### I. Rule 12(b)(1) Motion to Dismiss Standard

Fed.R.Civ.P. 12(b)(1) provides a vehicle for challenging the court's subject matter jurisdiction. The rule encompasses a ripeness-based jurisdictional challenge. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362–63 (1st Cir.2001). The party asserting jurisdiction bears the burden of demonstrating its existence. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003). In considering a Rule 12(b)(1) motion, the court accepts as true the plaintiff's factual allegations and draws all reasonable inferences in the plaintiff's favor. Additionally, the court may look beyond the pleadings to assess the ripeness of the plaintiff's claim. *Valentin*, 254 F.3d at 363.

### II. Factual & Procedural Background

Applicants are two United States citizens residing in Miami, Florida, who work as pathologists in said state. They seek licenses to practice medicine in Puerto Rico in order to perform pathological diagnostic testing on samples taken from residents of the island. Applicants submitted their applications, along with copies and/or originals of documents requested by the PRMEB. The PRMEB, however, requires that these documents be submitted in original, directly from the issuing entity.

The PRMEB informs that Applicants have yet to submit the following required materials: a certificate from the hospital in which they served their first year as interns; a $150 fee; certificates of examination scores (of either FLEX, National Board, or USMLE) from the Federation of State Medical Board; certificates sent directly from their school of medicine; original birth certificates; verification of medical licence from the licensing state's board of medical examiners; a notarized copy of the applicant's passport; a notarized copy of the certificate of ECFMG (Educational Commission for Foreign Medical Graduates); and **a declaration of residency in Puerto Rico.** See Docket No. 13, Exhs. 1 and 2.[1] Although the PRMEB has not made a final decision on whether to grant Applicants' licenses (either on a temporary or permanent basis), the applications will certainly be denied because Applicants do not satisfy Law 22's six month residency requirement. Law 22 does not contain any waiver provision.

On April 9, 2007, Applicants filed a complaint before this court in which they allege that Law 22 [2] violates the Privileges and Immunities Clause, the Equal Protection Clause, and the Dormant Commerce Clause of the United States Constitution. The complaint seeks declaratory and injunctive relief, as well as reasonable attor-

neys' fees. See Docket No. 1. On April 27, 2007, the PRMEB moved to dismiss the complaint averring that Applicants' claim is not ripe and, therefore, the court lacks subject-matter jurisdiction. See Docket No. 14. Applicants addressed the PRMEB's ripeness argument in memoranda filed on April 27, 2007 and May 7, 2007. See Docket Nos. 17 and 29. The PRMEB replied to Applicants' arguments on May 15, 2007. See Docket No 33. The court granted the PRMEB until June 1, 2007 to respond to the merits of the plaintiffs' constitutional claims and show cause as to why declaratory and injunctive relief should not be issued. See Docket Nos. 11, 30, and 34. On June 1, 2007, instead, the PRMEB filed a motion which again alleged that Applicants lacked standing, hence the court had no subject-matter jurisdiction to resolve the merits of the constitutional claims. This motion succinctly addressed the merits of the Privileges and Immunities claim. See Docket No. 37.

## III. Discussion

### A. Standing

■ The Declaratory Judgment Act of 1948 ("the Act"), 28 U.S.C. §§ 2201–2202, serves as a medium for courts to decide the constitutionality of a governmental action before an irreparable harm is sus-

1. The court has relied on the original Spanish version of these exhibits. The parties are forewarned that, in the event of an appeal, the First Circuit will not consider the Spanish documents nor will it consider translations submitted at the appellate stage. See *United States v. Rivera–Rosario*, 300 F.3d 1, 10 (1st Cir.2002). To ensure a complete record in the event of an appeal, a separate order shall be issued forthwith, requiring that translations be submitted before the entry of judgment.

2. Law 22 was enacted in 1931 in order to regulate the practice of medicine in Puerto Rico. The law originally prevented aliens

from being able to practice medicine in Puerto Rico. Law 22, P.R. Laws, 1931, p. 213. In 1972, Law 22 was amended, and an exception was created, which allowed aliens to obtain a license if they met a three year residency requirement. Law 18, P.R. Laws, 1972, p. 36. In 1980, the Puerto Rico legislature lowered the three year residency requirement to six months, but now required the same from all applicants, regardless of citizenship or alienage. This latest amendment to the residency restriction pre-dates *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), *infra* Section III B.

tained by either party. *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 71, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978). The Act does not extend the court's jurisdictional scope; in fact, the Act itself expressly requires that the plaintiff's claims meet the case and controversy standard of Article III of the United States Constitution. 28 U.S.C. § 2201(a). The case and controversy, or justiciability, requirement serves as a barrier to prevent courts from issuing opinions in cases that should not be decided by the courts. Therefore, in order for a claim to be justiciable, the claim must refer to a live case and controversy. Ripeness refers to the aspect of justiciability that prevents a court from prematurely entertaining a claim. The ripeness inquiry requires, first, a finding that the claim is fit for review and, second, an assessment of the hardship to the parties resulting from withholding the court's consideration. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

■ A claim is generally not fit for review when it depends on future events which may or may not occur. *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 536–37 (1st Cir.1995). In this case it is clear that the PRMEB will deny Applicants licenses to practice medicine in Puerto Rico, even when all other requirements of Law 22 are met. Applicants are not residents of Puerto Rico, as required by Law 22, and said law does not permit any exceptions to the residency requirement.

The fact that Applicants have not provided all original documents in support of their applications does not make their claim unripe. The "completeness" of their application is irrelevant as it would not aid the court in resolving the present Law 22 residency challenge. *See Duke Power Co.*, 438 U.S. at 81–82, 98 S.Ct. 2620. Here,

Applicants have already been affected because the PRMEB has already requested from them a declaration of residency in Puerto Rico. *See* Docket No. 14, Exhs. 1 and 2.

**The PRMEB thus has explicitly invoked Law 22's residency requirement as to Applicants.**

■ The challenged provision of Law 22 consequently has affected Applicants in a concrete way. It is clear that without submission of a declaration of residency, Applicants can never complete an application to be considered by the PRMEB. Therefore, the injury is not speculative, but real, and the claim is ripe for adjudication. Here, Applicants are not asking that the PRMEB grant their medical licenses. Rather, they are requesting the court solely to enjoin the residency requirement, so that they have an equal and fair opportunity to participate in the application process as would any United States citizen residing in Puerto Rico. *See, e.g., Barnard v. Thorstenn*, 489 U.S. 546, 550, 109 S.Ct. 1294, 103 L.Ed.2d 559 (1989) (noting that district court enjoined application of residency requirement so that applicants be allowed to take the U.S. Virgin Islands bar examination).

The hardship prong of the ripeness test requires a finding that the desired declaration would be of practical assistance in setting the underlying controversy to rest. *Ernst & Young*, 45 F.3d at 537. In this case, the hardship is a direct and imminent harm which results from Applicants' inability to complete their applications. Moreover, Applicants are suffering harm as a result of Law 22's residency requirement. A finding that the law is unconstitutional would correct Applicants' injury and place them in a position of parity with other United States citizens who reside in Puerto Rico. Therefore the claim is ripe for judicial review.

## B. Declaratory Judgment[3]

] The Privileges and Immunities Clause, U.S. Const. art. IV, § 2, was inserted into the Constitution "to create a national economic union." *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 280, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985). The Clause limits a state's ability to discriminate against out-of-staters with regard to fundamental and economic rights. *Id.* 280–82. Congress expressly extended the protections of the Clause to Puerto Rico in 1947 via statute. 48 U.S.C. § 737; *see also Mullaney v. Anderson*, 342 U.S. 415, 420, 72 S.Ct. 428, 96 L.Ed. 458 (1952).[4] As explained in *Mullaney*, the Privileges and Immunities Clause prohibits Puerto Rico from "discriminat[ing] against citizens of the United States who are not residents of Puerto Rico." *Mullaney*, 342 U.S. at 420 n., 72 S.Ct. 4282. The Clause, however, is not absolute. It does not preclude discrimination when nonresidents are shown to constitute a "peculiar source of evil." *Toomer v. Witsell*, 334 U.S. 385, 398, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948). Discrimination against nonresidents is allowed where: (1) there is a substantial reason for the differential treatment, and, (2) the discrimination bears a substantial relationship to the state's objective. *Piper*, 470 U.S. at 284, 105 S.Ct. 1272; *see also Silver v. Garcia*, 760 F.2d 33, 36 (1st Cir.1985); *Council of Ins. Agents & Brokers v. Juarbe–Jimenez*, 363 F.Supp.2d 47, 55 (D.P.R.2005), *aff'd*, 443 F.3d 103 (1st Cir.2006).

] The practice of medicine, as is the practice of law, is an economic and fundamental right protected by the Privileges and Immunities Clause. *See, e.g., Piper*, 470 U.S. at 277, 105 S.Ct. 1272; *Barnard*, 489 U.S. at 551, 109 S.Ct. 1294. The issue then becomes whether the law in question is justified in light of the two part test described in *Piper*. The PRMEB is justified in depriving non residents of their fundamental right to practice medicine only if (1) the deprivation is aimed at some "peculiar source of evil," which has been described as a "substantial reason" for the discrimination, and (2) the discrimination in question has a substantial relationship to the state's objective. *Piper*, 470 U.S. at 284, 105 S.Ct. 1272; *Barnard*, 489 U.S. at 550–51, 109 S.Ct. 1294. When considering whether the state's objective has a substantial relationship to the discrimination, the court must look at whether there are any less restrictive means of achieving the given objective. *Barnard*, 489 U.S. at 552–53, 109 S.Ct. 1294.

In this case, the PRMEB claims that it has a substantial interest in upholding the residency requirement in order "to efficiently evaluate the reputation of the physician, to foment a personal patient-physician relation, and to ensure that physicians

---

3. The court finds that a hearing on the constitutionality of Law 22 is unnecessary as no factual controversies regarding this provision are at issue. The issue at hand is a purely legal one, given that the court has ruled that plaintiffs have standing to bring this action.

4. In order to resolve the present controversy it is unnecessary to determine whether the Privileges and Immunities Clause of the United States Constitution applies to Puerto Rico *ex proprio vigore*. The court notes, however, that like the Commerce Clause, the Privileges and Immunities Clause derives from Art. IV of the Articles of the Confederation, and was intended to create a national economic union. *Piper*, supra at 280 n. 7, 105 S.Ct. 1272. The Commerce Clause applies *ex proprio vigore* to Puerto Rico. *See Starlight Sugar, Inc. v. Soto*, 253 F.3d 137 (1st Cir.2001); *United Egg Producers v. Dept. of Agriculture*, 77 F.3d 567 (1st Cir.1996); *Trailer Marine Transport Corp. v. Rivera Vazquez*, 977 F.2d 1 (1st Cir.1992); *see also Asociacion Puertorriquena de Importadores de Cerveza, Inc. v. Estado Libre Asociado de Puerto Rico*, 2007 TSPR 92, 2007 WL 1630877 (Rebollo–Lopez, J., concurring).

respond in the courts of law in cases of medical malpractice." Docket No. 37, pp. 6–7. The PRMEB conclusorily states that "the local residency requirement helps achieve those goals." *Id.* at p. 7. It makes no effort, however, to explain how the residency restriction furthers the stated objectives. The court has considered the extent to which the residency requirement bears a substantial relation to the stated reasons, and concludes that the PRMEB's proffered explanations do not justify the discrimination.

The need to efficiently evaluate the reputation and competency of a physician is certainly of the utmost interest to the PRMEB. Law 22's residency requirement, however, does not aid the PRMEB in evaluating the competency or overall reputation of any given physician. The PRMEB does not suggest that non resident doctors, especially those who are merely running diagnostics on samples, are less competent than those who reside in Puerto Rico. The PRMEB likewise offers no insight into how a residency requirement facilitates PRMEB's efforts to evaluate an applicant's competency or reputation.

Encouraging continuing patient-physician relationships is likewise not furthered by Law 22. The law is extremely under-inclusive and ineffective toward achieving the articulated objective. *E.g., Piper,* 470 U.S. at 285 n. 19, 105 S.Ct. 1272 (noting that a simple residency requirement permitted lawyers to move out of state once licensed). Law 22 only requires a six month residency period prior to obtaining a license. After the six month period is satisfied, a physician admitted to practice in Puerto Rico is free to reside wherever he chooses and the patient is left in no better position. Consequently, there is no reason to believe that Law 22's residency requirement effectively encourages continuing patient-physician relationships.

A similar rationale applies to the PRMEB's stated objective of ensuring that physicians respond in medical malpractice suits. As noted, nothing in the law prevents a physician admitted to practice in Puerto Rico from relocating outside of the jurisdiction. The court simply does not see how a pre-licensing residency requirement bears a substantial relationship to ensuring that a physician respond to a medical malpractice suit after the license is obtained. Moreover, other legal guarantees ensure that physicians participate in medical malpractice suits. *See* P.R. Laws Ann. tit. 32, App. III, Rule 4.7(a) (authorizing jurisdiction over person not domiciled in Puerto Rico who transacted business or participated in tortious acts in Puerto Rico). Therefore, the court concludes that the six month residency requirement does not bear a substantial relationship to PRMEB's objective of guaranteeing that physicians respond in medical malpractice suits.

## III. Conclusion

The Privileges and Immunities Clause prohibits the type of discriminatory regulation that Law 22's residency requirement imposes upon United States citizens not residing in Puerto Rico. Even assuming that the PRMEB's objectives meet the substantial reason requirement, it is clear that Law 22's residency requirement does not bear a substantial relationship to those objectives. Therefore, the residency requirement violates the Privileges and Immunities Clause. Applicants, who are United States citizens, are "entitled to ply [their profession] in Puerto Rico on terms of substantial equality with other [United States] citizens [residing in] Puerto Rico." *DiMarco–Zappa v. Cabanillas,* 238 F.3d 25, 37 n. 14 (1st Cir.2001).

The Court hereby holds that the residency requirement of Law 22 violates the Privileges and Immunities Clause of Article IV, § 2, of the Constitution, as explicitly made applicable to Puerto Rico by the Federal Relations Act, 48 U.S.C. § 737. Therefore, the PRMEB is hereby enjoined from applying the same.

This declaratory ruling does not imply, in any way, that Applicants are excused from complying with all other PRMEB requirements in order to obtain their licenses to practice medicine in Puerto Rico. The constitutionality of the other requirements of Law 22 is not at question here.

**SO ORDERED.**