Albert H. **PARNELL**, Plaintiff,

v.

The **SUPREME COURT OF APPEALS OF WEST VIRGINIA, and The West Virginia State Bar**, Defendants.

Civil Action No. 1:95–CV–108.

United States District Court,
N.D. West Virginia,
Clarksburg Division.

Jan. 29, 1996.

Boyd L. Warner, Waters, Warner & Harris, Clarksburg, WV, and Michael E. Hutchins, Atlanta, GA, for plaintiff.

John M. Hedges, Byrne & Hedges, Morgantown, WV, Robert M. Steptoe, Jr., Steptoe & Johnson, Clarksburg, WV, Arden J. Curry, II, Pauley, Curry, Sturgeon & Vanderford, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

KIDD, Senior District Judge.

Currently pending is a complaint for declaratory relief and motion for preliminary and permanent injunctive relief, filed by plaintiff, Albert H. Parnell, asserting that Rule 8.0(c) of the West Virginia "Rules for Admission to the Practice of Law" ("Rule"), as amended by defendant The Supreme Court of Appeals of West Virginia upon application by defendant The West Virginia State Bar, effective April 1, 1995, violates the Privileges and Immunities Clause of the

United States Constitution, Art. IV, § 2.[1] By Order, the Court consolidated and expedited final hearing of this matter, which has been fully briefed by the parties. On January 18, 1996, the Court heard oral argument thereon. This matter is now ripe for disposition.

Mr. Parnell is a resident of Atlanta, Georgia, where he practices law on a daily basis as a partner in the law firm of Freeman & Hawkins. He has been a member in good standing of the State Bar of Georgia since 1969. He has also been a member in good standing of the State Bar of West Virginia since 1989. Mr. Parnell has achieved a distinguished reputation as a highly skilled trial lawyer, with a nationally renowned expertise in asbestos litigation.

Pursuing his livelihood as a trial lawyer in an asbestos personal injury action pending before the Circuit Court of Monongalia County, West Virginia, Mr. Parnell filed a motion seeking to have three attorneys, who were not members of the West Virginia State Bar, admitted to practice *pro hac vice* in said action. The three named attorneys, who are members of Mr. Parnell's law firm, possess specialized expertise in the field of asbestos litigation and are preferred by Mr. Parnell's clients.

In his motion, Mr. Parnell also sought to be the responsible local attorney under the Rule for the three named attorneys, even though "he does not have or maintain an actual physical office equipped to conduct the practice of law in the State of West Virginia, and that West Virginia is not the principal and primary location from which he practices law on a daily basis." The Circuit Court denied Mr. Parnell's motion for admission *pro hac vice* "as being in violation of Rule 8.0 of the Rule for Admission to Practice on the basis that Albert H. Parnell does not meet the requirements to be a 'responsible local attorney' as defined in Rule 8.0(c) because he does not maintain an actual physical office equipped to conduct the practice of law in West Virginia, which office is the primary location from which he practices on a daily basis." Mr. Parnell then filed this action seeking a declaration that the Rule is constitutionally infirm and a permanent injunction prohibiting enforcement of the same.

Article IV, § 2, of the United States Constitution provides that the "Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

The provision was designed "to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned." The Clause "thus establishes a norm of comity without specifying the particular subjects as to which citizens of one State coming within the jurisdiction of another are guaranteed equality of treatment."

*Supreme Court of Virginia v. Friedman,* 487 U.S. 59, 64, 108 S.Ct. 2260, 2264, 101 L.Ed.2d 56 (1988) (citations omitted).

In applying the Privileges and Immunities Clause, the Court must first determine whether there is a classification based upon citizenry or residency. If so, then the Court undertakes a two-step inquiry.

First, the activity in question must be " 'sufficiently basic to the livelihood of the Nation' ... as to fall within the purview of the Privileges and Immunities Clause...." For it is " '[o]nly with respect to those "privileges" and "immunities" bearing on the vitality of the Nation as a single entity' that a State must accord residents and nonresidents equal treatment." Second, if the challenged restriction deprives nonresidents of a protected privilege, we will invalidate it only if we conclude that the restriction is not closely related to the advancement of a substantial State interest.

*Friedman, supra* 487 U.S. at 64–65, 108 S.Ct. at 2264 (citations omitted). The second step has also been explained as follows:

---

**1.** Mr. Parnell also asserted a claim under the Commerce Clause of the United States Constitution, Article 1, § 8, clause 3. However, since this claim was neither briefed nor argued by Mr.

Parnell, the Court finds that the same has been abandoned. Even if it were not abandoned, it would fail. *See Goldfarb v. Supreme Court of Virginia,* 766 F.2d 859 (4th Cir.1985).

The Clause does not preclude discrimination against nonresidents where: (i) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective. In deciding whether the discrimination bears a close or substantial relationship to the State's objective, the Court has considered the availability of less restrictive means.

*Supreme Court of New Hampshire v. Piper,* 470 U.S. 274, 284, 105 S.Ct. 1272, 1279, 84 L.Ed.2d 205 (1985) (citation and footnote omitted).

Defendants first assert that the Rule does not come within the purview of the Privileges and Immunities Clause in that: (1) there is no residency classification; and (2) being a *pro hac vice* sponsor is not a fundamental right protected by the Privileges and Immunities clause, but only a discretionary privilege incident to the practice of law. Further, defendants assert that even if the Privileges and Immunities Clause is implicated, there is a substantial reason for the Rule's local office requirement and the Rule bears a substantial relationship to the State's objective, being the least restrictive means available to achieve this purpose.

■ The Court will proceed with the defendants' first argument that there is no residency classification in the Rule.

Mr. Parnell asserts there is a *de facto* residency requirement due to the mandatory condition that a responsible local attorney not only maintain an actual physical office equipped to conduct the practice of law in the State of West Virginia, but that said office also must be the primary location from which the responsible local attorney practices law on a daily basis. Therefore, according to Mr. Parnell:

As a matter of practical reality, only resident West Virginia bar members practice law on a daily basis from an office in the state of West Virginia. As part of that same reality, nonresident West Virginia bar members do not and *cannot* practice law on a daily basis from an office in West Virginia. Although revised Rule 8.0(c) does not specifically require a sponsoring attorney to be a resident of West Virginia, it has the same effect and the same disparate impact: the exclusion of nonresident bar members from sponsoring *pro hac vice* admissions.

(emphasis added).

Contrary to Mr. Parnell's assertion, numerous nonresident West Virginia bar members can and do practice law on a daily basis from offices located in West Virginia. While the Court certainly agrees that, as a practical matter, nonresident West Virginia bar members who, for instance, reside in Georgia will not practice on a daily basis from an office in West Virginia, there remains the choice that said nonresident West Virginia bar member *could* do so. Simply put, there is no prohibition against any nonresident West Virginia bar member from practicing law on a daily basis in West Virginia and thus qualifying as a responsible local attorney.

By the same token, there can be resident West Virginia bar members who practice law on a daily basis from offices located outside of West Virginia (e.g. Pittsburgh, Pennsylvania, or Marietta, Ohio) who would, consequently, not qualify as a responsible local attorney under the Rule. Since the Rule "place[s] the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned," there is no residency classification triggering a review under the Privileges and Immunities Clause. *Paul v. Virginia,* 75 U.S. (8 Wall.) 168, 19 L.Ed. 357 (1868). The disparate impact claimed by Mr. Parnell is a function of a citizen's own choice, not unequal treatment by the State. The Rule "accord[s] residents and nonresidents equal treatment." *Piper, supra* 470 U.S. at 279, 105 S.Ct. at 1276. Therefore, Mr. Parnell's claim that the Rule violates the Privileges and Immunities Clause must fail.

■ Having so found, the Court need not continue to the other grounds asserted by the defendants. However, assuming *arguendo* that the Rule does deprive nonresidents of a privilege protected by the Clause, the Court would still not find the Rule invalid. In-state, full-time practice requirements, in

the context of bar admission cases, have always been found to be perfectly proper, as a less restrictive means to in-state residency. *See Barnard v. Thorstenn*, 489 U.S. 546, 554, 109 S.Ct. 1294, 1300, 103 L.Ed.2d 559 (1989); *Friedman, supra*, 487 U.S. at 69–70, 108 S.Ct. at 2267; *Piper, supra*, 470 U.S. at 287, 105 S.Ct. at 1280; *Friedman v. Supreme Court of Virginia*, 822 F.2d 423, 429 (4th Cir.1987).

The Rule does not even go this far. Mr. Parnell, a nonresident member of the West Virginia State Bar, is free to practice law in West Virginia without an in-state office. The Rule only requires that before a lawyer who has not been licensed to practice law in West Virginia may appear in a particular matter before a West Virginia court, there must be an association with a responsible local attorney who practices law on a daily basis out of a law office located in West Virginia. As such, Mr. Parnell may move for the *pro hac vice* admission of the three applicants, provided the three applicants associate with a responsible local attorney, such as Mr. Warner, who currently serves as the responsible local attorney before the Court for Mr. Hutchins, lead counsel for Mr. Parnell in this action.

The Rule clearly survives scrutiny under the Privileges and Immunities Clause. There exists a substantial reason for rigorously regulating the practice of law by lawyers who are not members of the West Virginia State Bar when appearing in West Virginia *pro hac vice*.[2] The State must assure, not only the integrity and competency of these nonmember lawyers, but also their availability, accessibility, and accountability to the litigants, other counsel, and the judiciary.

The Rule's requirement that the sponsoring attorney, who will be responsible for the nonmember lawyer, be a member of the West Virginia State Bar and practice law on a daily basis from an office located in West Virginia certainly bears a substantial relationship to the State's interest in regulating *pro hac vice* lawyers, especially by assuring availability, accessibility, and accountability.

The fact that Mr. Parnell, a member of the West Virginia State Bar who has chosen not to practice law on a daily basis in West Virginia, is not permitted to be the responsible local attorney does not render the Rule invalid. Mr. Parnell's interest in being a *pro hac vice* sponsor must yield to the State's greater interest in regulating *pro hac vice* lawyers.

Furthermore, it is appropriate for the Rule's restriction to be based upon the borders of West Virginia. While Mr. Parnell would have this Court abandon the sanctity of state borders for a single national border, the Privileges and Immunities Clause does not compel the Court to do so. The several States are still sovereign and are entitled to base restrictions upon their respective borders. "The availability of less restrictive means" does not imply no restrictions at all. The Rule's restriction is based, not on the state of citizenry, but on the location of the law office within the borders of the state from which the practice of law is carried out on a daily basis. This is within the same borders where the *pro hac vice* lawyer seeks to practice.

The Court finds that the Rule clearly bears a substantial relationship to the State's compelling objective, namely the regulation of lawyers who are not members of the West Virginia State Bar seeking *pro hac vice* admission before the courts of West Virginia. Consequently, the Court holds that the Rule does not offend the Privileges and Immunities Clause.

It is therefore ORDERED that this action be DISMISSED with prejudice.

Judgment shall be entered accordingly, and this action shall be dismissed with prejudice and removed from the docket of the Court.

---

2. It is important to note that there is no protected right for a lawyer who is not a member of a state bar to appear *pro hac vice* in that state. *See*
*Leis v. Flynt*, 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979).