**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALBERT H. PARNELL,
Plaintiff-Appellant,

v.

THE SUPREME COURT OF APPEALS OF
WEST VIRGINIA; WEST VIRGINIA
STATE BAR,
Defendants-Appellees.

No. 96-1245

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
William M. Kidd, Senior District Judge.
(CA-95-108-1)

Argued: October 31, 1996

Decided: April 14, 1997

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by published opinion. Judge Michael wrote the opinion, in
which Judge Williams and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Michael Edward Hutchins, HAWKINS & PARNELL,
Atlanta, Georgia, for Appellant. John M. Hedges, BYRNE &
HEDGES, Morgantown, West Virginia, for Appellee Court of
Appeals; Robert Mason Steptoe, Jr., STEPTOE & JOHNSON,
Clarksburg, West Virginia, for Appellee State Bar. **ON BRIEF:**

Thomas G. Tidwell, HAWKINS & PARNELL, Atlanta, Georgia, for Appellant. Lori A. Dawkins, STEPTOE & JOHNSON, Clarksburg, West Virginia, for Appellee State Bar.

_____

**OPINION**

MICHAEL, Circuit Judge:

A lawyer appearing pro hac vice in West Virginia must be sponsored by a member of that state's bar who practices law on a daily basis from an office located in West Virginia. Albert H. Parnell, a Georgia lawyer who is also licensed in West Virginia, appeals the district court's decision that West Virginia's in-state office requirement for local counsel does not violate the Privileges and Immunities Clause of the United States Constitution. We affirm.

I.

The Supreme Court of Appeals of West Virginia (West Virginia or State Supreme Court) promulgates rules governing the practice of law in that state. See W.Va. Const. art. 8,§ 3; W.Va. Code § 51-1-1a. These rules are embodied in the State Supreme Court's Rules for Admission to the Practice of Law (Practice Rules). See W.Va. Code Ann. Ct. Rules (Michie 1997). The West Virginia State Bar, an administrative agency of the court, see W.Va. Code § 51-1-4a(d), from time to time makes recommendations to the court for amendments to the Practice Rules.[1]

This case stems from a 1995 amendment to West Virginia's Practice Rule for visiting lawyers, Rule 8.0, "Admission Pro Hac Vice."[2]

_____

[1] "All persons practicing law" in West Virginia are required to be members of the State Bar. See W.Va. Code § 51-1-4a(d).
[2] The Latin phrase "pro hac vice" means: "For this turn; for this one particular occasion. For example, an out-of-state lawyer may be admitted to practice in a local jurisdiction for one case only." Black's Law Dictionary 1212 (6th ed. 1990). We will use the Latin phrase because it is widely understood and convenient shorthand.

2

Prior to the amendment, the rule simply required the pro hac vice applicant to "be associated with an active member in good standing of the state bar, who shall be a responsible local attorney in the action . . . ." This version of the rule raised questions about whether a member of the West Virginia bar whose office and principal place of practice was outside West Virginia could serve as a "responsible local attorney" under Rule 8.0. As a result, on the motion of the West Virginia State Bar, the State Supreme Court on March 1, 1995, amended Rule 8.0(c) to clarify who qualifies as a "responsible local attorney:" "In order to be a `responsible local attorney' the local attorney must maintain an actual physical office equipped to conduct the practice of law in the State of West Virginia, which office is the primary location from which the `responsible local attorney' practices law on a daily basis." The State Supreme Court and the State Bar maintain that the amendment is an appropriate exercise of the court's authority to regulate the practice of law by out-of-state lawyers not licensed in West Virginia by requiring them to associate with local counsel who will be accessible and meaningfully involved in a given case.

The 1995 amendment prevents Parnell from being a "responsible local attorney," even though he is a member in good standing of the West Virginia State Bar. Parnell's situation is as follows. He is a resident of Atlanta, Georgia, where he practices law as a partner at Hawkins & Parnell (formerly Freeman & Hawkins), a firm of over forty lawyers. Parnell has been a member of the State Bar of Georgia since 1969, and he became a member of the West Virginia State Bar in 1989.

Parnell is widely known for his expertise in the defense of asbestos personal injury cases. He has represented defendants in a number of these cases in West Virginia, with several of them going to trial in both state and federal court. In 1995 Parnell was representing three defendants in an asbestos case in the Circuit Court of Monongalia County, West Virginia, a state trial court. On August 17, 1995, purporting to be a responsible local attorney, he filed a motion to have three other lawyers in his firm admitted pro hac vice in that case. In his motion Parnell said that the three were "specialists in the area of asbestos litigation." He later said that his clients wanted the three lawyers "to assist [him] in pretrial matters and at the trial of the [ ] case." The state trial judge denied the motion to admit Parnell's colleagues

3

pro hac vice on the ground that Parnell "does not meet the requirements to be a `responsible local attorney' as defined in Rule 8.0(c) [of the Practice Rules]" because he does not have a West Virginia office that is "the primary location from which he practices law on a daily basis."

Parnell promptly filed a declaratory judgment action in the United States District Court for the Northern District of West Virginia against the West Virginia Supreme Court and the State Bar. Parnell sought an order declaring the rule unconstitutional, arguing, among other things, that Rule 8.0(c) is in effect a residency restriction that violates the Privileges and Immunities Clause, U.S. Const. art. IV, § 2, cl. 1. After briefing and oral argument on the merits, the district court rejected Parnell's argument and dismissed his complaint. See Parnell v. Supreme Court of Appeals of West Virginia , 926 F. Supp. 570 (N.D. W. Va. 1996). Parnell now appeals.

II.

Parnell argues that sponsoring pro hac vice applications "is a necessary and fundamental part of practicing law." Brief for Appellant at 6-7. According to Parnell, Practice Rule 8.0(c)-- which requires him to have a West Virginia office for the daily practice of law in order to sponsor such applications in the courts of that state -- is in effect a residency requirement that violates the Privileges and Immunities Clause.

Article IV, § 2, cl. 1 of the United States Constitution provides that the "Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." The primary purpose of this clause "was to help fuse into one Nation a collection of independent, sovereign States. . . . In line with this underlying purpose, it was long ago decided that one of the privileges which the clause guarantees to Citizens of State A is that of doing business in State B on terms of substantial equality with Citizens of that State." Toomer v. Witsell, 334 U.S. 385, 395-96 (1948). Although the clause uses only the term "Citizens," it is also read in most cases to cover residency. See Supreme Court of Virginia v. Friedman, 487 U.S. 59, 64 (1988).

The United States Supreme Court has developed a two-step analysis for determining whether a residency-based restriction of an activ-

4

ity offends privileges and immunities protections. First, "the activity in question must be `sufficiently basic to the livelihood of the Nation as to fall within the purview of the Privileges and Immunities Clause.'" Id. at 64 (quoting United Bldg. & Constr. Trades Council v. Mayor and Council of Camden, 465 U.S. 208, 216 (1984)). In other words, a "fundamental right" must be implicated: the "out-of-state resident's interest [in the activity restricted] in another State [must be] sufficiently `fundamental' to the promotion of interstate harmony so as to fall within the purview of the [Clause]." United Bldg. & Constr. Trades Council, 465 U.S. at 218 (quoting Baldwin v. Montana Fish & Game Comm'n, 436 U.S. 371, 388 (1978)). Second, "if the challenged restriction deprives nonresidents of a protected privilege," the restriction is invalidated only if it "is not closely related to the advancement of a substantial state interest." Friedman, 487 U.S. at 64 (citing Supreme Court of New Hampshire v. Piper , 470 U.S. 274, 284 (1985)).

Of course, the privileges and immunities analysis is only applied if the restriction is based on residency. We turn first to that threshold issue.

A.

The West Virginia Supreme Court and the State Bar argue that the privileges and immunities analysis has no bearing on this case because Practice Rule 8.0(c) does not impose a residency requirement. They emphasize that the rule does not say a member of the West Virginia bar must be a state resident to serve as local counsel. But Parnell maintains that the rule in effect has a residency requirement because local counsel must have a West Virginia office from which he practices law on a daily basis.**3**  Although Parnell offered no

_____

**3** Parnell says that West Virginia's intent to impose a residency requirement for local counsel is confirmed by a comment made by the Chief Justice of the West Virginia Supreme Court at a State Bar meeting shortly after Rule 8.0(c) was amended in 1995. The Chief Justice said that one of the reasons for the amendment was "to level the playing field." We expect the Chief Justice simply made this comment in recognition of the fact that a number of other states expressly condition pro hac vice admission upon association with an in-state lawyer who resides

5

evidence to the district court on the subject, he makes the sweeping claim in his brief that "nonresident West Virginia bar members do not and cannot practice law on a daily basis from an office in West Virginia." Brief for Appellant at 9. However, in its opinion the district court noted that "numerous nonresident West Virginia bar members can and do practice law on a daily basis from offices located in West Virginia." Parnell, 926 F. Supp. at 572. This statement was apparently based on the district judge's own experience over many years on both the state and federal bench.

West Virginia is bordered by five states and its northern and eastern panhandles are narrow. A look at a regional map reveals that numerous locations in West Virginia are within commuting distance from places in Virginia, Maryland, Pennsylvania, Ohio, and Kentucky. We do not know exactly how many nonresident lawyers commute into West Virginia each day to work, but we are convinced that West Virginia's configuration and location prevent Rule 8.0(c) from imposing a residency restriction. We therefore agree with the district court that Rule 8.0(c) contains "no prohibition against any nonresident West Virginia bar member practicing law on a daily basis in West Virginia and thus qualifying as a responsible local attorney." Id. Moreover, the daily practice requirement applies to both resident and nonresident bar members in the same way. A State Bar member who resides in West Virginia but who practices law on a daily basis in an office outside the state does not qualify as local counsel under the rule.

_____

in or has an office in the forum state. See, e.g., Ark. Court Rules Governing Admission to the Bar, Rule 14 (residency requirement); Ga. Bar Rule 1-203 (same); Iowa Court Rule 113 (same); Kan. Stat. Ann. § 7-104 (same); Neb. Rev. Stat. § 7-103 (same); Nev. Rule of Court 10-2 (same); N.C. Gen. Stat. § 84-4.1 (same); S.D. Codified Laws § 16-18-2 (same); Tenn. Court Rules Ann. 19 (same); Wyo. Court Rules Ann. 104 (same); Del. Supreme Court Rule 71 (in-state office requirement); Mo. Supreme Court Rule 9.03 (same); N.J. Rules of Court, Rule 1:21-2 (same). The Chief Justice also said that a purpose of the amendment was "to ensure the accountability of lawyers [licensed in other states] who practice in West Virginia."

6

Because Rule 8.0(c) accords equal treatment to nonresidents and residents and because nonresidents can qualify as local counsel under the rule, there is no residency classification that requires scrutiny under the Privileges and Immunities Clause.

B.

Even if we assume that Practice Rule 8.0(c) amounts to an in-state residency requirement, the privileges and immunities protections still do not apply to the activity (sponsoring pro hac vice applicants) regulated by the rule. We reach this conclusion by examining the first prong of the privileges and immunities test, which centers on whether a fundamental right is implicated.

We recognize, of course, that the United States Supreme Court has held that the opportunity to practice law is a fundamental right under the Privileges and Immunities Clause because of its importance to the national economy and to the vindication of noncommercial rights. Piper, 470 U.S. at 281-82. This broad holding, however, does not answer the much narrower question of whether sponsorship of pro hac vice applicants is a fundamental component of the right to practice law.

The West Virginia Supreme Court and the State Bar contend that this narrow question is covered by Leis v. Flynt , 439 U.S. 438 (1979). In Leis v. Flynt the Supreme Court held that a state court could deny, without a hearing, a lawyer's motion to appear pro hac vice. Id. at 443-44. This is because the interest in appearing pro hac vice is not a "cognizable property [right] within the terms of the Fourteenth Amendment." Id. at 443. Thus, whether to grant a visiting lawyer pro hac vice admission is "wholly [ ] discretionary" with the forum state. Id. at 444 n.5. Parnell responds that West Virginia's Leis v. Flynt argument -- that pro hac vice admission is a discretionary privilege -- has nothing to do with his situation. Parnell has not been denied pro hac vice admission. Instead, he says that he has been denied the opportunity to sponsor pro hac vice applicants, an opportunity he says is necessary to the exercise of his right to practice law.

We understand the distinction between sponsorship and admission, but we do not think the distinction saves Parnell's claim. We believe

7

that Leis v. Flynt's holding that practicing pro hac vice is not a Four-teenth Amendment property right offers some support for the proposition that sponsoring pro hac vice applicants is not a fundamental component of the right to practice law for purposes of the Privileges and Immunities Clause. In any event, Parnell's own circumstance confirms for us that sponsorship of pro hac vice applicants is not a fundamental component of the right to practice law. As a member of the West Virginia bar Parnell remains quite free to perform the essential tasks of a litigator in his area of specialty. When one of his clients is sued in West Virginia, he can appear as lead counsel or co-counsel, answer a complaint, make dispositive or procedural motions, take or defend against discovery, try the case, and participate freely in any appeal. He can do this even though he is a resident of Georgia, where he is also a member of the bar and where his forty-person law firm has its offices. Thus, West Virginia's rule governing who may sponsor pro hac vice applications has not stripped Parnell of his fundamental right to practice law.[4]

Because we find that no fundamental right is at stake, we need not decide whether Rule 8.0(c) satisfies the "substantial state interest" prong of the privileges and immunities analysis. [5]

_____

[4] None of the Supreme Court cases cited by Parnell go so far as to suggest that making pro hac vice motions is a fundamental component of the right to practice law. These cases include Barnard v. Thorstenn, 489 U.S. 546 (1989) (rule requiring applicants (i) to live in Virgin Islands for one year prior to applying for bar admission and (ii) to state their intent to remain in Virgin Islands violated the Privileges and Immunities Clause); Friedman, 487 U.S. at 59 (rule requiring Virginia residency as a condition for reciprocal, examination free, admission to Virginia bar by lawyer licensed in another state violated the Privileges and Immunities Clause); Piper, 470 U.S. at 274 (rule limiting bar admission to state residents violated Privileges and Immunities Clause). Moreover, all of these cases recognize the importance of not interfering with the ability of a state to regulate those who practice law within its borders.

[5] In his complaint Parnell alleges that Rule 8.0(c) places an undue burden on interstate commerce in violation of the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. The district court found that the Commerce Clause claim was abandoned because it was not briefed or argued. See Parnell, 926 F. Supp. at 571 n.1. Although the issue has been briefed on appeal to us, we decline to consider it because it was abandoned when the merits of the case were litigated in district court. See Bakker v. Grutman, 942 F.2d 236, 242 (4th Cir. 1991).

8

III.

The judgment of the district court is

AFFIRMED.

9